UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen B. Kutzer, </br></br>      Plaintiff,</br></br>v.</br></br>CarrAmerica Realty Corporation</br></br>      Defendant | Civil Action No. 1:06cv01925 (GK) |

## ANSWER

The Complaint names CarrAmerica Realty Corporation ("CARC") as the Defendant. However, CARC no longer exists, but has been succeeded in interest by Nantucket Parent LLC ("Defendant")[1]. Defendant, by counsel, hereby answers the numbered paragraphs of the complaint of Plaintiff Stephen B. Kutzer as follows:

1.    This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant denies all remaining allegations contained in this paragraph.

3.    Defendant admits that CARC was incorporated under the laws of the State of Maryland and in March 2006 that the Board of Directors of CARC adopted and approved a change in control severance pay plan. Defendant denies all remaining allegations contained in this paragraph.

---

[1] CarrAmerica Realty Corporation was merged into Nantucket Acquisition Inc., pursuant to the "Agreement and Plan of Merger" dated March 5, 2006. Nantucket Acquisition Inc., was then liquidated, and Nantucket Parent LLC became the successor to Nantucket Acquisition Inc., pursuant to the "Assignment and Assumption Agreement," dated July 13, 2006.

## JURISDICTION AND VENUE

4. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

5. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Defendant denies that Plaintiff joined CARC and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8. Defendant denies the first sentence of this paragraph, and is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

9. Defendant denies the allegations contained in this paragraph.

10. Defendant denies the allegations contained in this paragraph.

11. Defendant admits that the CARC Board of Directors adopted and approved the "CARRAMERICA REALTY CORPORATION CHANGE IN CONTROL SEVERANCE PAY PLAN" ("the Severance Pay Plan") on March 5, 2006. Defendant can neither admit nor deny the allegations in the second sentence of this paragraph. As to the third sentence, the language quoted is only a portion of a paragraph in the Severance Pay Plan and Defendant responds that the document speaks for itself. Defendant denies all other allegations contained in this paragraph.

12. Defendant states that the document speaks for itself, and denies all other allegations contained in this paragraph.

13. Defendant admits that on March 6, 2006, CARC issued a press release regarding a merger agreement. Defendant denies all other allegations contained in this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and as to what Mr. Coler "made clear." Defendant denies all other allegations contained in this paragraph.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Defendant denies the allegations contained in this paragraph.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and denies all other allegations contained in this paragraph.

18. Defendant denies the allegations in the first sentence of this paragraph, admits that Mr. Kurt Heister asked both Plaintiff and Mr. Simpson if either of them was not interested in heading the Information Technology Department, and admits the allegations contained in the third sentence of this paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Defendant admits that Mr. Heister told Plaintiff he planned to retain Plaintiff, and denies the remaining allegations contained in this paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff "became increasingly anxious about his status within the Company," and denies all remaining allegations contained in this paragraph.

22. Defendant admits that on or about June 27, 2006, Plaintiff asked Mr. Heister to clarify his role in the company, and denies all other allegations contained in this paragraph.

23. Defendant denies the allegations contained in this paragraph.

24. Defendant denies the first sentence of this paragraph, admits that on July 18, 2006 a press release was issued naming an executive management team, admits that this press release named Bill Simpson as Chief Information Officer, and admits that the press release did not identify Plaintiff as a member of the executive management team. Defendant denies all remaining allegations.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant denies the allegations contained in this paragraph.

27. Defendant denies the allegations contained in this paragraph.

28. Defendant denies the allegations contained in this paragraph.

29. Defendant admits that Plaintiff's counsel sent a letter, dated August 7, 2006, which was addressed to Mr. Christopher Peatross and Mr. Heister, states that the document itself and denies all remaining allegations contained in this paragraph.

30. Defendant admits that the undersigned counsel sent a letter, dated August 10, 2006, to Plaintiff's counsel, states that the document speaks for itself and denies all remaining allegations contained in this paragraph.

31. Defendant denies the allegations contained in this paragraph.

32. Defendant admits that Plaintiff resigned his position on August 13, 2006, and denies all remaining allegations contained in this paragraph.

33. Defendant admits that Mr. Heister sent a letter to Plaintiff, dated August 30, 2006, and denies all remaining allegations contained in this paragraph.

34. Defendant incorporates its answers to paragraphs 1-33 as set forth above.

35. The first sentence of this paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied. The second

sentence of this paragraph refers to a small portion of the Severance Pay Plan, and Defendant states that the document speaks for itself.

36. Defendant denies the allegations in the first sentence of this paragraph. The second sentence of this paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

37. Defendant denies the allegations contained in this paragraph.

38. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

39. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

40. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

41. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

42. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

43. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

44. Defendant incorporates its answers to paragraphs 1-43 as set forth above.

45. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

46. This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

47.     This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

48.     This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

49.     This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

50.     This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

51.     This paragraph contains arguments and conclusions of law that require no response, but to the extent it contains allegations of fact, they are denied.

Except as expressly admitted above in the numbered paragraphs, Defendant denies all other allegations contained in the Complaint.  Defendant denies that Plaintiff is entitled to any relief or damages whatsoever.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief or damages.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant has not violated any of Plaintiff's rights or breached any legal duty.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff has received all compensation that was owed to Plaintiff upon his resignation.

## FOURTH DEFENSE

On information and belief, the Complaint is barred, in whole or in part, under the doctrine of unclean hands.

## FIFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because of a failure of consideration.


Dated: November 16, 2006				Respectfully submitted,



						_____/s/_____
						Sally D. Garr, D.C. Bar No. 337246
						Patton Boggs, L.L.P.
						2550 M Street, N.W.
						Washington, D.C.  20037
						(202) 457-6000 (phone)
						(202) 457-6315 (fax)

						Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of November, 2006, a true copy of the Defendant's Answer was served via ECF upon:

>Lynne Bernabei
>The Bernabei Law Firm, PLLC
>1775 T Street, N.W.
>Washington, D.C. 20009-7139

_____/s/_____
Sally D. Garr