IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen B. Kutzer, ) | |
| Plaintiff, ) | |
| ) | |
| v ) | C.A. No. 1:06-CV-01925 (GK) |
| ) | |
| CarrAmerica Realty Corp. ) | Next Court Event: |
| ) | Initial Scheduling Conference |
| Defendant. ) | December 19, 2006 |

**PARTIES JOINT MEET AND CONFER STATEMENT**
**PURSUANT TO LOCAL RULE 16.3**

On December 1, 2006 the parties met and conferred by telephone pursuant to Local Civil Rule 16.3. Set out below are the agreements reached and the positions taken by the parties at this conference. Also set out below is a brief statement of the case and the statutory basis for all causes of action and defenses pursuant to the Scheduling Order of United States District Court Judge Kessler dated November 15, 2006.

**I.      Statement of the Case**

A. Plaintiff's Statement.

This is an action by plaintiff Stephen B. Kutzer against his former employer, defendant CarrAmerica Realty Corp. ("CarrAmerica") for breach of contract and breach of the implied covenant of good faith and fair dealing based on defendant's refusal to pay severance benefits to plaintiff in accordance with a severance pay plan. Defendant's Severance Pay Plan was a part of plaintiff's employment contract with defendant CarrAmerica and entitled plaintiff to severance benefits following a change in control under either of two conditions:

  (1)  If the defendant terminated his employment other than for Cause; or

  (2)  If he himself terminated his employment for Good Reason.

The Severance Pay Plan defines "Good Reason" to include, "that the Employee has his responsibilities or areas of supervision with the Company substantially reduced."

  Both conditions under which defendant owed plaintiff severance benefits were met. After execution of a change in control of the defendant Company on July 13, 2006, defendant constructively discharged plaintiff by taking away most of his duties, excluding him from management meetings and decisions, and barring him from opportunities for advancement. Defendant, however, refused to sever plaintiff and fulfill its obligation under the Severance Pay Plan to pay him the benefits he is due when the Company terminates his employment other than for Cause. Plaintiff was forced to resign from CarrAmerica. In his resignation letter, dated August 13, 2006, plaintiff requested payment of the severance benefits that defendant owes him because the Company had constructively discharged him and because he was terminating his employment because of the Company's substantial reduction of his responsibilities which constitutes Good Reason for termination under the Plan. Defendant has refused to pay plaintiff the severance benefits that defendant owes him under the Severance Pay Plan.

  B. Defendant's Statement.

  Plaintiff was not eligible to receive severance under the Severance Pay Plan. The purpose of the Severance Pay Plan is to encourage employees to continue their employment and employees who resigned are not eligible unless they have Good Reason. Plaintiff voluntarily resigned his employment in order to take another more lucrative and more senior position at another company. Plaintiff was not constructively discharged,

nor did he have Good Reason to resign. Plaintiff's responsibilities had not been substantially reduced, nor was he excluded from management meetings or decisions. Moreover, Plaintiff was employed at will and did not have a contract of employment.

## II.     Matters Discussed By the Parties Pursuant to Local Rule 16.3(c)

1.     <u>Dispositive Motions.</u>  Plaintiff Stephen Kutzer does not believe this case can be disposed of on a dispositive motion. Defendant CarrAmerica believes this case may be disposed of by summary judgment.

2.     <u>Joinder/Amendment.</u>  The parties agree that any other parties shall be joined or the pleadings amended by February 1, 2006.

3.     <u>Magistrate Judge.</u>  The parties do not believe the case should be assigned to a magistrate judge for discovery or for trial.

4.     <u>Settlement.</u>

a. Plaintiff.  Plaintiff is willing to engage in settlement discussions and has made a written offer of settlement to defendant on August 7, 2006, to which they received no response.

b. Defendant.  Plaintiff's counsel sent a letter to Defendant's counsel on August 7, 2006; however this letter was not an "offer of settlement," but a demand for the maximum that plaintiff could receive if he were to prevail. On August 10, 2006, Defendant's counsel responded and noted that the Company had already made an offer directly to Plaintiff, before Defendant had notice that Plaintiff was represented, and that offer would expire if not accepted by August 12, 2006. That offer included some severance for Plaintiff if he worked through August 31, 2006, and provided some assistance through October 31, 2006. Instead of responding to that offer, he voluntarily

quit effective on August 13, 2006, and had his counsel send another letter demanding the full amount on September 18, 2006.

   5. <u>Alternative Dispute Resolution.</u>  Plaintiff is willing to engage in mediation, particularly before discovery commences when attorneys' fees will increase substantially, making settlement more difficult to achieve.

   Defendant is willing to engage in mediation at the end of discovery. Defendant would consider engaging in mediation sooner if Plaintiff shows, through a compromise settlement offer, a willingness to settle this matter in a range that reflects the legal challenges in his case.

   6. <u>Dispositive Motions.</u>  As stated above, Plaintiff Stephen Kutzer does not believe this case can be disposed of on a dispositive motion.  Defendant CarrAmerica believes this case may be disposed of by summary judgment.  The parties agree to the following filing deadlines:

| | |
|---|---|
| Summary judgment motions | June 29, 2007 |
| Opposition | July 30, 2007 |
| Reply | August 10, 2007 |

Plaintiff proposes that a decision be made within 45 days after the filing of the Reply. Defendant proposes that a decision be made within 60 days after the filing of the Reply.

   7. <u>Initial Disclosures.</u>  Plaintiff does not wish to dispense with or modify the initial disclosures required by Fed. R. Civ. P. 26 (a)(1).  Defendant wishes to dispense with initial disclosures.

   8. <u>Discovery/Protective Order.</u>  The parties believe that all discovery, including answers to interrogatories, document production, requests for admissions, and depositions should be concluded on June 1, 2007.  The parties agree to a limitation of five

depositions on each side, each lasting no longer than seven hours.  The parties agree that they will adhere to the Federal Rules for determining the number of document requests and interrogatories.  The parties also agree that should personnel or proprietary information be sought in the course of discovery a protective order may be warranted.  If necessary, the parties will exchange drafts of a protective order to address these concerns and submit a consent motion to the Court.

The parties agree that electronically stored information will be produced in paper as initial matter.  However, if a party after the initial production can demonstrate a reasonable need for an additional production of particular information in a different form, then the other party will produce that particular information in that form, unless that party can show good cause why such production should not be required.

9.     Expert Witnesses.  The parties agree that each party will designate any expert witness(s) by January 18, 2007 and each party will designate any rebuttal expert witness(es) by February 19, 2007.

10.    Class Actions.  Not applicable.

11.    Bifurcation.   The parties agree that this case should not be bifurcated.

12.    Pretrial Conference.  Plaintiff believes the pretrial conference should occur on September 17, 2007, assuming the court has ruled on summary judgment.  Defendant believes that the pretrial conference should occur on November 12, 2007.

13.    Trial Date.  Plaintiff believes the court should set a firm trial date now and requests a trial date of November 12, 2007.  Defendant believes the court

5

should set a trial date at the pretrial conference.

Respectfully submitted,

/s/ Lynne Bernabei

_____/s/_____  _____
Sally Garr, D.C. Bar No. 337246      Lynne Bernabei, D.C. Bar No. 938936
Patton Boggs, L.L.P.                 David Wachtel, D.C. Bar No. 427890
2550 M Street, N.W.                  The Bernabei Law Firm, PLLC
Washington, D.C. 20037               1775 T Street, N.W.
(202) 457-6000                       Washington, D.C. 20009-7139
**Counsel for Defendant**            (202)745-1942
                                     **Counsel for Plaintiff Stephen B. Kutzer**

Dated: December 14, 2006